1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  CHRISTOPHER D. VIEIRA (CABN 273781)
   Special Assistant United States Attorney

5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7301
7       FAX: (415) 436-7027
        christopher.vieira@usdoj.gov

8
   Attorneys for United States of America
9
                          UNITED STATES DISTRICT COURT

10
                        NORTHERN DISTRICT OF CALIFORNIA

11
                                  OAKLAND DIVISION

12

13  UNITED STATES OF AMERICA,              )  No. CR 18-00586 YGR
                                           )
14          Plaintiff,                     )  UNITED STATES' SENTENCING
                                           )  MEMORANDUM
15       v.                                )
                                           )
16  MALIK SWINTON,                         )
                                           )
17          Defendant.                     )
                                           )

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES SENTENCING MEMORANDUM
CR 18-00586 YGR

# I.     INTRODUCTION

The grand jury indicted Malik Swinton ("Swinton") on December 6, 2018 for seven counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  Swinton made his initial appearance on the indictment in Las Vegas, NV on December 17, 2018, and the court released him on a bond that he immediately violated.  PSR ¶ 4.  The court remanded Swinton into custody on December 20, 2018, and he has remained in custody since that date.  *See id.*  Swinton pled guilty to one count of wire fraud on May 9, 2019 and will appear for sentencing on July 19, 2019.

# II.    FACTUAL BACKGROUND

The plea agreement and the PSR each provide detailed overviews of defendant's offenses and offense conduct.  *See* Dkt. No. 19 ¶ 2; PSR ¶¶ 6-24.  The government wholly agrees with the factual recitations in those documents and adopts them here.

# III.   PRESENTENCE REPORT

The government reviewed the PSR prepared by United States Probation Officer Catheryn Grier. The government agrees with the PSR's Offense Level calculation and further agrees that Swinton should receive a three-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty.  The government has no unresolved objections to the report's factual recitation or recommended supervised release terms.

# IV.    SENTENCING RECOMMENDATION

The government believes that the parties' jointly recommended sentence[1] of 37 months in prison, three years of supervised release, restitution, and a $100 mandatory special assessment reflects the seriousness of Swinton's offense, will promote respect for the law, will provide just punishment, and will afford adequate deterrence.

---

[1] Subheading A in Swinton's sentencing memo references a "37 month split sentence".  Counsel for the parties spoke, and defense counsel clarified that the statement was a typo.  Swinton is not asking the Court to impose a split sentence.

1

UNITED STATES SENTENCING MEMORANDUM
CR 18-00586 YGR

A. *The Nature and Circumstances of Swinton's Offenses Justify the Parties' Proposed Sentence*

Malik Swinton submitted fraudulent disability applications to the Department of Veterans Affairs ("VA"), the Social Security Administration ("SSA"), and the Department of Labor ("DOL"). He also persisted in getting those applications approved by appealing when the SSA and the DOL initially denied his fraudulent disability claims. Swinton repeatedly lied about his claimed disabilities, supported his disability applications and appeals with fraudulent letters that he wrote and signed using other people's names, and continued to lie to the VA, the SSA, and the DOL for years in order to collect his fraudulently-obtained benefits. All told, Swinton's frauds continued for over 6 years and resulted in over $630,000 in losses to the government.

Fraud schemes reduce the overall public confidence in, and support for, government benefit programs. Stealing from government benefit programs on which millions of people rely is a serious crime that the Court should not treat lightly. The fraud in this case is more insidious than a simple crime against property. Swinton collected benefits that he had no legal right to receive, and his actions resulted in significant losses to the VA, the SSA, and the DOL. Those losses came at a critical time. The U.S. Treasury (the source for VA and DOL benefit funds) has consistently run large annual deficits for years, and since 2010, the SSA has routinely paid more in benefits than it has collected in taxes.[2] If Congress does not take action, the SSA's OASDI Trust Fund will be insolvent in 2035 based on current projections.[3] Given these facts, defendant's serious, repeated, and long-term theft from the VA, the SSA, and the DOL warrants a significant sentence.

B. *The Parties' Proposed Sentence is Necessary to Reflect the Seriousness of Swinton's Offense, Promote Respect for the Law, and Afford Adequate Deterrence to Criminal Conduct*

Given their size, scope, and complexity, the government faces significant challenges in protecting its benefit programs from fraud. Indeed, the government largely relies upon individuals to

---

[2] https://www.ssa.gov/oact/trsum/

[3] *Id.*

2

1  "do the right thing" and be honest in their dealings with federal agencies.  The harm Swinton caused to

2  the VA, the SSA, and the DOL will only increase if others believe that they can also fraudulently obtain

3  hundreds of thousands dollars in disability benefits without the threat of significant punishment.  *See*

4  *United States v. Brisson*, 448 F.3d 989, 993 (7th Cir. 2006) ("Who knows how many more 'economic

5  offenses' would be committed if the tempted knew that the punishment, if caught, would be little more

6  than minimal?").  In addition to promoting respect for the law and providing a just punishment for the

7  offense, the parties' proposed guideline sentence will demonstrate to the public, to military veterans, and

8  to federal government employees that defrauding government disability programs is a serious offense.  It

9  is especially important for defendant's sentence to promote general deterrence.  Because economic and

10  fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or

11  opportunity,' these crimes are 'prime candidate[s] for general deterrence.'"  *United States v. Martin*, 455

12  F.3d 1227, 1240 (11th Cir. 2006).  The parties' recommended sentence is sufficient, but not greater than

13  necessary, to reflect the seriousness of Swinton's criminal conduct and provide a significant deterrence

14  to other individuals who may consider defrauding government disability benefit programs in the future.

15  **V.**     **RESTITUTION**

16     In his plea agreement, Swinton agreed to pay restitution in an amount to be set by the Court at

17  the time of sentencing, but in no event less than $617,542.77.  That total broke down as follows:

18     • Department of Veterans Affairs – $242,148.50 (for losses through April 2019)

19     • Social Security Administration – $98,431.30 (for losses through April 2019)

20     • Department of Labor – $276,962.97 (for losses through March 2019).

21     The SSA suspended Swinton's benefits after it learned that he was in custody.  The VA and the

22  DOL have continued to pay Swinton's benefits; they are in the process of terminating those benefits in

23  light of Swinton's guilty plea in this case.  Given the payments he received post-plea, the government

24  respectfully requests that the Court order Swinton to pay restitution of $632,368.34, broken down as

25  follows:

26     • Department of Veterans Affairs – $249,541.62 (for losses through June 2019)

27     • Social Security Administration – $98,431.30 (for losses through June 2019)

28

3

1 • Department of Labor – $284,395.42 (for losses through June 2019).

2 **VI.** **<u>CONCLUSION</u>**

3       For the reasons set forth above, the government recommends that the Court impose a sentence of

4 37 months in prison, three years of supervised release, mandatory restitution of $632,368.34, and a $100

5 mandatory special assessment.  This sentence is reasonable and sufficient, but not greater than

6 necessary, to achieve the goals of sentencing.

7

8 DATED:  July 12, 2019                                    Respectfully submitted,

9                                           DAVID L. ANDERSON
                                        United States Attorney

10

11                                         */s/ Christopher Vieira*
                                        CHRISTOPHER VIEIRA

12                                         Special Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4